**Thomas POLLOCK; Karen Pollock, Plaintiffs–Appellants,**

**v.**

**DELPHI PACKARD ELECTRIC SYS-TEMS, a division of General Motors Corp., Defendant–Appellee.**

No. 00–3649.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before KEITH, KENNEDY, and BATCHELDER, Circuit Judges.

## ORDER

Thomas Pollock and Karen Pollock, Ohio residents proceeding pro se, appeal the district court order granting summary judgment to the defendants in this diversity tort case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, the Pollocks sued Delphi Packard Electric Systems and General Motors Corporation ("Delphi," collectively) in state court. Thomas Pollock sustained serious injuries in the course of his employment when a chain broke and allowed a piece of equipment to strike him. He sued Delphi for intentionally injuring him, and his wife sued for loss of consortium. Delphi removed the case to the district court on the basis of diversity. The case was referred to a magistrate judge with consent of the parties. After a period of discovery, Delphi moved for summary judgment. The district court granted the motion and dismissed the case in an order dated April 26, 2000.

In their timely appeal, the Pollocks argue that: (1) the chain used by Delphi was never meant to be used as a safety chain, and similar chains had failed before the accident; (2) Delphi's remedial actions taken after the accident constituted an admission of guilt; and (3) Delphi attempted to cover-up its wrong-doing and tamper with the evidence by re-installing new chains similar to the one that broke.

■ Upon de novo review, we conclude that the district court properly granted summary judgment to Delphi. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997). Because this case arises under diversity jurisdiction, this court applies the substantive law of the state of Ohio. *See Jandro v. Ohio Edison Co.,* 167 F.3d 309, 313 (6th Cir.1999). Ohio's intentional tort exception permits an employee to recover damages in excess of the exclusive remedies provided by the workers' compensation statute. *See Johnson v. BP Chems. Inc.,* 85 Ohio St.3d 298, 707 N.E.2d 1107, 1114 (Ohio 1999).

■ The Pollocks did not establish any of the elements of Ohio's intentional tort exception. *See Fyffe v. Jeno's, Inc.,* 59 Ohio St.3d 115, 570 N.E.2d 1108, 1112 (Ohio 1991). In deposition testimony, Pollock admitted that he had no direct knowledge of any other Delphi employee working a similar job who was injured because of a broken chain. Delphi Safety Supervisor Diane Prokop swore in an affidavit that no such accident occurred at Delphi before Pollock's injury. Faced with Delphi's well-supported motion for summary judgment, the Pollocks responded only with hearsay statements from other Delphi employees. A court cannot rely on unsworn inadmissible hearsay when ruling on a summary judgment motion. *See* Fed. R.Civ.P. 56(e); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir.1993). Thus, the Pollocks presented no admissible evidence that Delphi knew of a dangerous condition, knew with substantial certainty that subjecting Pollock to the dangerous condition would result in harm to him, or required Pollock to continue to perform a dangerous task. *See,* 570 N.E.2d at 1112. Because there were no material facts in issue, Delphi was entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Pollocks' argument that the chain used by Delphi was never meant to be used as a safety chain and that similar chains had failed before the accident is without merit. They have presented no admissible evidence to support these as-

sertions, either in the district court or in this court.

■ The Pollocks' argument the Delphi's remedial actions constitute an admission of guilt and proof of a cover-up is also without merit. Proof of remedial measures is inadmissible to prove an intentional tort and thus can not raise an issue of material fact for purposes of summary judgment. *See* Fed.R.Evid. 407; *Patrick v. S. Cent. Bell Tel. Co.*, 641 F.2d 1192, 1195–96 (6th Cir.1980).

For the foregoing reasons, we affirm the district court's order granting summary judgment to Delphi. Rule 34(j)(2)(C), Rules of the Sixth Circuit.